UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

JESSICA WARD,

                    Plaintiff,                        **COMPLAINT AND DEMAND**
                                                      **FOR JURY TRIAL**
              -against-

THE CITY OF NEW YORK, NEW YORK CITY                   **07 CV 4527 (JSR)**
POLICE OFFICER DENNIS ESTWICK,
Shield No. 26819, Individually and                     **ECF CASE**
As a Police Officer for the City
of New York,
                    Defendants.
------------------------------------X


                    **INTRODUCTION**


     1.   This is an action for compensatory damages, punitive damages and attorney s fees for the wrongful acts of defendants THE CITY OF NEW YORK and POLICE OFFICER DENNIS ESTWICK, acting under color of state law and pursuant to their authority, in violation of plaintiff s rights under the Constitution and laws of the United States.

     2.   Plaintiff alleges that beginning on or about May 26, 2004, when plaintiff was arrested and continuing until her acquittal of all charges on March 31, 2005, defendants committed wrongful and illegal acts against plaintiff, including violating plaintiff s Constitutional and civil rights by wrongfully arresting, imprisoning and maliciously prosecuting her for acts of which the plaintiff was innocent.

## JURISDICTION

3.    This action is brought under 42 U.S.C. Section 1983 in conjunction with the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4.    Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions and pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of the plaintiff s Constitutional and civil rights.

## VENUE

5.    Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Southern District of New York.

## JURY DEMAND

6.    Plaintiff respectfully demands a trial by jury on each and every one of her claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.    At all times relevant hereto, plaintiff JESSICA WARD, was and is a citizen of the United States and resident of New York County, in the City and State of New York.

8.    At all times relevant hereto, defendant, the CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.    Defendant, the CITY OF NEW YORK, maintains the New York

City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the CITY OF NEW YORK.

10.  At all times relevant hereto, the individually named defendants, POLICE OFFICER DENNIS ESTWICK, Shield No. 26819 was a duly sworn police officer employed by the New York City Police Department and acting under the supervision of the New York City Police Department and according to his official duties.  He is being sued in both his individual and official capacity.

11.  At all times relevant hereto, the defendants, either personally or through their employees, were acting under color of state law.

12.  At all times relevant hereto and in all their actions described herein, the defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, New York City, and the State of New York, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

## FACTUAL BACKGROUND

13.   On or about May 26, 2004, the plaintiff was walking lawfully in her neighborhood on Second Street, past Avenue B on her way to Avenue C.

14.   When she was between Avenues B and C in front of the Community Garden, she saw a person she was acquainted with from the neighborhood, and they stopped to say hello and spoke to each other briefly before Ms. Ward continued towards the Associated Supermarket.

15.   As she continued walking, defendant POLICE OFFICER ESTWICK suddenly flipped his police badge out and stopped the plaintiff JESSICA WARD.

16.   He directed her to empty her pockets and she complied.

17.   She gave defendant POLICE OFFICER DENNIS ESTWICK (hereinafter ESTWICK ) the money in her pocket and a cell phone.

18.   The plaintiff was then arrested, handcuffed, and placed in an unmarked police van.

19.   Notwithstanding that the plaintiff had not done anything wrong and had not committed any crime on May 26, 2004, she was falsely arrested, falsely charged and maliciously prosecuted for the felony charge of Criminal Sale of a Controlled Substance in the Third Degree.

20.   At no time on May 26, 2004, did plaintiff JESSICA WARD

ever sell or possess cocaine, or any other controlled substance.

21.   The plaintiff was eventually taken to the 9th precinct, where she remained for several hours.

22.   She was fully searched and no drugs were recovered from her.

23.   Officer ESTWICK and another officer questioned the plaintiff in an intimidating manner, telling her she was in big trouble and asking her for information about guns and drugs that she did not know anything about.

24.   While at the precinct, defendant ESTWICK prepared official police paperwork regarding the false charge.

25.   At the time of the preparation of such paperwork, defendant ESTWICK prepared the documents and included in them material misstatements of fact that he knew to be false.

26.   Defendant ESTWICK knew that the District Attorney and the Court would rely on the police documents during the plaintiff s prosecution.

27.   Eventually, the plaintiff was brought to Central Booking located at 100 Centre Street, where she was unlawfully detained for approximately 26 hours before being released by a Criminal Court Judge.

28.   The plaintiff was imprisoned and charged with a crime that she did not commit.  At the time of her arrest, the plaintiff had never been convicted of any crime.

29.   When the lawyer explained that the range of punishment for what she was charged with went up to 25 years, the plaintiff

was devastated, frightened and absolutely horrified.  She insisted that she was not guilty of what the police accused her of and would go to trial to defend herself from this false accusation.

30.  The plaintiff appeared in the Criminal Court of the City of New York and the Supreme Court of the State of New York in New York County for almost a year until she was acquitted of Criminal Sale of a Controlled Substance in the Third Degree after a jury trial before the Hon. Marcy Kahn on March 31, 2005.

31.  The plaintiff made approximately thirteen court appearances until the case was finally resolved.

32.  There was no probable or just cause for the criminal proceeding to have been brought and there was no likelihood that a full and fair hearing of the charges would have resulted in a successful prosecution of the plaintiff by Defendant ESTWICK and the other officers involved in the case.

33.  The arrest of the plaintiff, the filing of false criminal charges against the plaintiff, and the wrongful imprisonment of the plaintiff, were, because of defendant police officers' knowledge of a lack of any legitimate cause or justification for such arrest and imprisonment, intentional, malicious, reckless, and in bad faith.

34.  Defendant ESTWICK and the other defendants acted with actual malice in arresting the plaintiff on false charges, and causing her to be arraigned in the Criminal Court of the CITY OF NEW YORK and prosecuted on a charge that the defendants knew were false.  Defendant ESTWICK and the other defendants brought these

charges against the plaintiff and purposefully misused the police powers and the courts to arrest, harass, intimidate, imprison and prosecute the plaintiff.

35.    As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

36.    As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, the stress of going through a trial on serious felony charges facing up to 25 years of imprisonment, emotional distress, traumatic stress, and other psychological damages, exacerbation of her thyroid condition, humiliation, and the deprivation of her constitutional rights.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 USC § 1983**
)

37.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-36 of this complaint, as though fully set forth herein.

38.  All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

39.  The actions of the individual defendant ESTWICK, a member of the New York City Police Department, and acting under color of state law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, in particular the rights to be secure in her person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment, malicious prosecution and the intentional and/or negligent infliction of emotional distress.

40.  The acts complained of were carried out by the individual defendant ESTWICK in his capacity as a police officer of the City of New York, with all the actual and apparent authority attendant thereto.

41.  The acts complained of were carried out by ESTWICK in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42.  The individual defendant ESTWICK, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of his municipality, which is forbidden by the Constitution of the United States.

43.  By these actions, the individual defendant ESTWICK

deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which the defendant is individually liable.

44.   As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, emotional distress, traumatic stress, and other psychological damages, exacerbation of her thyroid condition, humiliation, and the deprivation of her constitutional rights.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

45.   Plaintiff repeats and realleges the allegations contained in paragraphs 1-44 of this complaint, as though fully set forth herein.

46.   As a result of the aforementioned conduct, plaintiff JESSICA WARD was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

47.   As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, emotional distress, traumatic stress, and other psychological damages, exacerbation of her thyroid condition, humiliation, and the deprivation of her constitutional

rights.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. SECTION 1983

48.    Plaintiff  repeats  and  realleges  the  allegations contained in paragraphs 1-47 of this complaint, as though fully set forth herein.

49.  Defendants misrepresented and falsified evidence before the District Attorney.

50.  Defendants did not make a complete and full statement of facts to the District Attorney.

51.    Defendants  withheld  exculpatory  evidence  from  the District Attorney.

52.  Defendants misrepresented and falsified evidence before the Grand Jury and the trial jury.

53.  Defendants did not make a complete and full statement of facts to the Grand Jury or the trial jury.

54. Defendants withheld exculpatory evidence from the Grand Jury and the trial jury.

55.  Defendants were directly and actively involved in the initiation of criminal proceedings against JESSICA WARD.

56.  Defendants lacked probable cause to initiate criminal proceedings against JESSICA WARD.

57.  Defendants acted with malice in initiating criminal proceedings against JESSICA WARD.

58.  Defendants were directly and actively involved in the

continuation of criminal proceedings against JESSICA WARD.

59.   Defendants lacked probable cause to continue criminal proceedings against Ms. WARD.

60.   Defendants acted with malice in continuing criminal proceedings against JESSICA WARD.

61.   Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Ms. WARD s favor on March 31, 2005, when the trial jury returned a verdict of not guilty of the single charge of the indictment.

62.   As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, emotional distress, traumatic stress, and other psychological damages, exacerbation of her thyroid condition, humiliation, and the deprivation of her constitutional rights.


**FOURTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY**

63.  Plaintiff  repeats  and  realleges  the  allegations contained in paragraphs 1-62 of this complaint, as though fully set forth herein.

64.  Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the rights of citizens, thereby causing the defendant officers in this case to

engage in the unlawful conduct described above.

65.    Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of the persons within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

66.    Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from their duties.

67.    Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to May 26, 2004, the perpetration of unlawful arrests, the commission of perjury and other malicious, and inappropriate unlawful acts by defendant officer was occurring, in that it is believed that there may have been complaints of such unlawful conduct by this particular officer, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

68.    The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-67 deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person and property, to due process under the law, and the right

to be free from unlawful seizure, false imprisonment or false arrest, and from malicious prosecution and the intentional and/or negligent infliction of emotional distress.

69.  By these actions, defendant CITY OF NEW YORK has deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

70.  As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, emotional distress, traumatic stress, and other psychological damages, exacerbation of her thyroid condition, humiliation, and the deprivation of her constitutional rights.


**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally, and in favor of the plaintiff as follows:

a.  Compensatory damages in the amount of One Million ($1,000,000) dollars;

b.  Punitive damages in the amount of Five Hundred Thousand ($1,000,000) dollars;

c.  Reasonable attorneys fees, costs and disbursements of this action; and

d.  Such other and further relief as this Court deems just and proper.

DATED:  New York, New York
        May 29, 2007

Respectfully,


_____
JOANNE M. DWYER (JMD-9852)
Attorney for Plaintiff
225 Broadway, 41st Floor
New York, NY 10007
(212) 233-0591