UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JESSICA WARD,

                               Plaintiff,

              -against-

THE CITY OF NEW YORK and POLICE OFFICER
DENNIS ESTWICK, SHIELD #26819,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 Civ. 4527 (JSR)

JURY TRIAL DEMANDED

**FILED VIA ECF**

         Defendants, the City of New York ("City") and Police Officer Dennis Estwick, Shield #26819, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

              1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

              2.      Deny the allegations set forth in paragraph "2" of the complaint.

              3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

              4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

              5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6.     State that the allegations set forth in paragraph "6" of the complaint are not averments of fact requiring a response.

7.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.     Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation created under the laws of the State of New York.

9.     Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant City is a municipal corporation which maintains a police department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

10.     Deny the allegations set forth in paragraph "8" of the complaint, except admit that Dennis Estwick was and is employed by the City of New York as a police officer and that plaintiff purports to sue Officer Estwick in his individual and official capacities as stated therein.

11.     State that the allegations set forth in paragraph "11" of the complaint constitute legal conclusions to which no response is required.

12.     State that the allegations set forth in paragraph "12" of the complaint constitute legal conclusions to which no response is required.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

- 2 -

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint, except admit that Officer Estwick approached plaintiff and identified himself as a police officer after observing plaintiff engage in a buy-and-sell narcotics transaction.

16.    Deny the allegations set forth in paragraph "16" of the complaint, except admit that Officer Estwick performed a cursory search of plaintiff after observing plaintiff engaged in a buy-and-sell narcotics transaction.

17.    Deny the allegations set forth in paragraph "17" of the complaint, except admit that Officer Estwick performed a cursory search of plaintiff after observing plaintiff engaged in a buy-and-sell narcotics transaction.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit, upon information and belief, that plaintiff was arrested on or about May 26, 2004 in the vicinity of Second Street between Avenue A and Avenue B.

19.    Deny the allegations set forth in paragraph "19" of the complaint, except admit, upon information and belief, that plaintiff was charged with, *inter alia*, Criminal Sale of a Controlled Substance in the Third Degree.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was transported to the 9th Precinct Stationhouse following her arrest.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint, except admit that Officer Estwick was plaintiff's arresting officer on May 26, 2004, and as such, processed her arrest upon returning to the 9th Precinct Stationhouse.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's criminal history.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.    In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

71.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

72.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

73.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

74.    Punitive damages cannot be assessed against defendant City.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

75.    There was probable cause for plaintiff's arrest and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

76.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

77.    Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

78.    This action is barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

79.    Plaintiff has failed to comply with New York General Municipal Law § 50-e.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

80.     Defendant Estwick has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendants City of New York and Officer Estwick request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 4, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants City of New York and
                    Officer Estwick
                    100 Church Street, Room 3-195
                    New York, New York 10007
                    (212) 788-0422


            By:     _____
                    Basil C. Sitaras (BS-1027)
                    Assistant Corporation Counsel


TO:     Joanne M. Dwyer, Esq. (*Via ECF*)
        Attorney for Plaintiff

- 8 -

07 Civ. 4527 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSICA WARD,

                                    Plaintiff,

           -against-

THE CITY OF NEW YORK and POLICE
OFFICER DENNIS ESTWICK, SHIELD #26819,

                                    Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York,  New York  10007*

*Of Counsel:  Basil C. Sitaras*
*Tel:  (212) 788-0422*
*LawManager No. 2007-022467*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................ , 200......*

*.............................................................................Esq.*

*Attorney for*